IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01348-WYD-CBS

THOMAS ALBERT LABRECQUE,
    Petitioner,
v.

UNITED STATES OF AMERICA,
    Respondent.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Craig B. Shaffer

    THIS MATTER comes before the court on Petitioner Thomas LaBrecque's Petition to Quash I.R.S. Summons (doc. #1), filed May 23, 2012,[1] and the United States' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (doc. #5), filed on July 24, 2012. Petitioner filed his Objection and Motion for Hearing (doc. #8) on August 20, 2012, followed by the United States' Reply to Petitioner's Opposition to United States' Motion to Dismiss (doc. #10) on August 29, 2012. Petitioner concluded the briefing process on September 10, 2012, with the filing of his Response to the United States' Reply to Petitioner's Opposition to United States Motion to Dismiss ("Surreply") (doc. #11). By an Order (doc. #12) dated September 11, 2012, the court closed briefing on the Motion to Dismiss.

    On May 25, 2012, the case was referred to Magistrate Judge Craig B. Shaffer to handle all motion proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) through (C), Fed. R. Civ. P. 72(a) and (b), and D.C.COLO.LCivR 72.1C (doc. #3). The Motion was referred to the Magistrate Judge pursuant to the Memorandum (doc. #6) dated July 25, 2012. The court has carefully reviewed the Petition, the Motion, the related briefing and attached exhibit, the entire case file, and the applicable law. For the following reasons, I recommend that the Motion to Dismiss be granted.

---

[1] Petitioner amended page one of his Petition to Quash I.R.S. Summons (doc. #4) on May 25, 2012, naming the correct district court, but making no additional changes to the contents of page one.

1

## BACKGROUND

As part of the collection process for assessed income tax liabilities, the Internal Revenue Service (IRS) requested Petitioner LaBrecque's bank and financial records from a third-party. On April 26, 2012, Revenue Officer Kilpatrick served an IRS collection Summons (doc. #1, exhibit A3) on US Bank NA, a financial institution, in accordance with 26 U.S.C. § 7602 and 26 U.S.C. § 7603 to determine the collectability of assessed taxes owed by Petitioner. The Summons required US Bank NA to appear before Revenue Officer Jennifer Morgan, give testimony, and provide books, records, papers, and other data related to the tax liabilities of Petitioner. Upon receiving the Summons US Bank NA notified Petitioner that "the Bank is required by law to provide the requested information." (doc. #1, exhibit A2).

Petitioner subsequently filed his Petition to Quash I.R.S. Summons (doc. #1) on May 23, 2012, pursuant to 26 U.S.C. § 7609. In his Petition, Mr. LaBrecque asserts that the IRS improperly issued a Summons upon US Bank NA in furtherance of the collection of his assessed tax liabilities. According to the Petitioner, the IRS derives the authority to issue a summons from 26 U.S.C. § 7608. Petitioner states that the IRS exceeded and violated its authority under 26 U.S.C. § 7608 by issuing a Summons to US Bank NA without first sending Petitioner notice of the Summons. The Petitioner also argues that the court has jurisdiction over the Petition under 26 U.S.C § 7609(h). Petitioner reasons that the court lacks jurisdiction to enforce the Summons under Fed. R. Civ. P. 12(h)(3), 26 U.S.C. § 7604(a), and 26 U.S.C. § 7402(b).

In response to the Petition to Quash I.R.S. Summons, Respondent moves to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Respondent argues that Section 7609(b)(2), which allows a proceeding to quash an Internal Revenue Service summons to be brought against the United States, constitutes a conditional waiver of sovereign immunity. *See Faber v. United States*, 921 F.2d 1118, 1119 (10th Cir. 1990). Although 26 U.S.C. § 7609(b)(2) permits a taxpayer to challenge the issuance of a summons to a third-party, Respondent states that a taxpayer must

first be entitled to notice of the summons. Respondent contends that notice is not required when a third-party summons is "issued in the aid of the collection of… an assessment made or judgment rendered against the person with respect to whose liability the summons is issued." 26 U.S.C. § 7609(c)(2)(D)(i). Respondent argues that because Petitioner was not entitled to notice of the Summons of US Bank NA under 26 U.S.C. § 7609(a), the conditional waiver of section 7609 is inoperative and the court lacks subject matter jurisdiction.

Petitioner filed his Objection and Motion for Hearing (doc. #8) on August 20, 2012, requesting a hearing under 26 U.S.C. § 636 to determine whether Respondent properly assessed his tax liabilities. Petitioner argued that Respondent's Motion to Dismiss is moot because the date for performance of the Summons passed. In addition, Petitioner stated that only the Secretary of the Treasury can issue a summons under 26 U.S.C. § 7602 and that under the proper statute, 26 U.S.C. § 7608(b), the "appropriate process" for issuing the Summons was not followed.

Addressing Petitioner's new arguments, Respondent restates its argument that the court lacks subject matter jurisdiction because the Petitioner was not entitled to notice under 26 U.S.C. § 7609(a). Respondent also argues that 26 U.S.C. § 7602 gave Revenue Officer Kilpatrick the authority to issue the Summons and that this authority does not conflict with 26 U.S.C. § 7608. Respondent asserts that a hearing regarding the validity of the tax assessment is not required to resolve the issue of subject matter jurisdiction.

On September 10, 2012, Petitioner filed his Surreply restating legal arguments presented in his previous filings with the court. Petitioner reiterates his argument that the Respondent lacked the authority to issue the Summons under 26 U.S.C. § 7608 and states that the Respondent's Motion to Dismiss is moot. In addition, Petitioner notes that the court lacks jurisdiction to enforce the Summons under 26 U.S.C. § 7604(a), and 26 U.S.C. § 7402(b).

## ANALYSIS

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure a court may grant a motion to dismiss for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear, *Madsen v. United States, ex. rel. U.S. Army Corps of Eng'rs*, 841 F.2d 1011, 1012 (10th Cir. 1987), therefore a court must find that it has subject matter jurisdiction as a threshold matter. *See* U.S. Const. art. III, §2; *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). The court applies a rigorous standard of review when presented with a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. *Consumers Gas & Oil, Inc. v. Farmland Indus., Inc.,* 815 F. Supp. 1403, 1408 (D. Colo. 1992). The burden of showing subject matter jurisdiction rests with the party invoking federal jurisdiction. *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999).

Although the Petitioner bears the burden of showing subject matter jurisdiction, in this case a more liberal pleading standard is applied to pro se litigants under Rule 8(a)(2) of the Federal Rules of Civil Procedure. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Documents filed pro se are "liberally construed" and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S 97, 106 (1976)). Despite this liberal pleading standard, the court cannot assume the role of a pro se advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A pro se plaintiff is not relieved of the burden of "alleging sufficient facts on which a recognized legal claim could be based." *Id*.

In order to grant the Petitioner's Petition to Quash I.R.S. Summons, the court must first have jurisdiction over the matter. The briefing reveals some confusion on the part of the Petitioner that requires clarification. Respondent's Motion to Dismiss does not seek the enforcement of the Summons, but asks the court to determine whether the court has the jurisdiction to grant or deny the Petition to Quash I.R.S. Summons. Asking the court to dismiss a case for lack of jurisdiction is not the equivalent

4

of asking the court to enforce the Summons. Whether the Respondent seeks the enforcement of the Summons is not a matter before the court. Therefore, 26 U.S.C. § 7604(a) and 26 U.S.C. § 7402(b) are irrelevant to this proceeding because the court is not considering the enforcement of the Summons.

Petitioner argues that the IRS derives the authority for issuing a summons in this case from 26 U.S.C. § 7608. However, 26 U.S.C. § 7602(a) grants the IRS the authority to issue summons: "[f]or the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability." The IRS has broad authority to issue a summons in order to determine taxpayer liability. *See U.S. v. Arthur Young & Co.*, 465 U.S. 805, 816 (1984); *see also Codner v. U.S.*, 17 F.3d 1331, 1332 (10th Cir. 1994). Therefore, the proper authority for issuing a summons is conferred by 26 U.S.C. § 7602. *See U.S., I.R.S. v. Natco Petroleum, Inc.*, 166 F.3d 1222, at *1 (10th Cir. 1996) (unpublished table decision).

Although 26 U.S.C. § 7602 grants the IRS the authority to issue a summons, "special procedures" apply to a third-party summons under 26 U.S.C. § 7609. These procedures generally require the IRS to provide notice to the taxpayer identified in a summons to a third-party record keeper. 26 U.S.C. § 7609(a)(1); *see Davidson v United States*, 149 F.3d 1190, at *1 (10th Cir. 1998) (unpublished table decision). Any person entitled to notice of the summons has the right to begin a proceeding to quash the summons. 26 U.S.C. § 7609(b)(2). However, the statute exempts from its notice requirements a summons "issued in the aid or collection of an assessment made or judgment rendered against the person with respect to whose liability the summons is issued." 26 U.S.C. § 7609(c)(2)(D)(i); *see, e.g., Davidson*, 149 F.3d at *1 ("if a summons is issued in aid of collection, no notice is required, and the district court does not have subject matter jurisdiction over a petition to quash the summons."); *Hollywood Services, Inc. v. I.R.S.*, 2010 WL 1413094 (D. Colo., Apr. 2, 2010) (because

plaintiff was not entitled to notice under subsection 7609(a), plaintiff lacked the right to file a petition to quash the Summons under subsection 7609(b)(2)(A) and the court lacked jurisdiction to entertain the Petition); *Sherbondy v. United States*, 2007 WL 2889447 (D. Colo., Sept. 27, 2007) (because the summons was issued in aid of collection activities for taxes already deemed to be owed, plaintiff was not entitled to notice of the summons under 26 U.S.C. § 7602(c)(2)(D) and the court was without subject matter jurisdiction over the Petition) (citation omitted). In this case Petitioner was not a person entitled to notice because the Summons was issued in an attempt to collect his assessed income tax liabilities. Therefore, Petitioner did not have the right to file a petition to quash the Summons and the court lacks subject matter jurisdiction over the Petition.

## CONCLUSION

Accordingly, the court recommends that Respondent's Motion to Dismiss (Doc. #5) be GRANTED and the Petition (Doc. # 1) and this civil action be dismissed without prejudice for lack of subject matter jurisdiction.[2]

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v.*

---

[2] "Generally, a dismissal for lack of subject matter jurisdiction is without prejudice and does not have a preclusive effect." *Garman v. Campbell County Sch. Dist. No. 1*, 630 F.3d 977, 985 (10th Cir. 2010). *See also Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir.2006) ("[W]here the district court dismisses an action for lack of jurisdiction . . . the dismissal must be without prejudice.").

*One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar de novo review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation de novo despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

      DATED at Denver, Colorado this 3rd day of October, 2012.

                              BY THE COURT:

                              s/Craig B. Shaffer
                              United States Magistrate Judge