IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   12-cv-01348-WYD-CBS

THOMAS ALBERT LaBRECQUE,

  Petitioner,

v.

UNITED STATES OF AMERICA,

  Respondent.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES' MAGISTRATE JUDGE**

---

I.   INTRODUCTION AND BACKGROUND

THIS MATTER is before the Court on the United States' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (ECF No. 5).   The matter was referred to Magistrate Judge Shaffer for a Recommendation by Order of Reference dated May 25, 2012.   On October 3, 2012, Magistrate Judge Boland issued a Recommendation (ECF No. 13), which is incorporated herein by reference.   See 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), D.C.COLO.LCivR. 72.1.   Magistrate Judge Shaffer recommends therein that the United States' motion to dismiss be granted.   Magistrate Judge Shaffer advised the parties that they had fourteen (14) days to serve and file written, specific objections to the Recommendation.   Petitioner filed objections to the Recommendation which necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive.

Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

As set forth more fully in Magistrate Judge Shaffer's Recommendation, *pro se* Petitioner Thomas LaBrecque initiated this action seeking to quash an IRS summons issued to US Bank as part of ongoing activities by the IRS to collect on his alleged tax liabilities. Petitioner premises his Petition to Quash Summons on 26 U.S.C. § 7609, which describes special procedures for challenging third-party summonses by the IRS, 26 U.S.C. § 7602 and other statutory provisions inapplicable here.

In response, the United States contends that Petitioner lacks standing to proceed under 26 U.S.C. § 7609(b) and moves to dismiss for lack of subject matter jurisdiction. In his Recommendation, Magistrate Judge Shaffer agreed and recommended that the United States' motion to dismiss be granted.

II.   DISCUSSION

In his Recommendation, Magistrate Judge Shaffer correctly noted that the United States relies on Fed. R. Civ. P. 12(b)(1) as grounds for dismissal of this action for lack of subject matter jurisdiction.

As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear. *Todd Holding Co., Inc. v. Super Value Stores, Inc.*, 744 F. Supp. 1025, 1026 (D. Colo. 1990). Thus, the court must satisfy itself of subject matter jurisdiction before proceeding to the merits of a claim. *Gold v. Local 7 United Food and Commercial Workers Union*, 159 F.3d 1307, 1309-10 (10th Cir. 1998). "[T]he burden is on the party claiming jurisdiction to show it by a preponderance of the evidence." *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir.1994). "Mere conclusory

allegations of jurisdiction are not enough."  *United States, ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1196, 1160 (10th Cir. 1999).   Where a party moves to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the attack can be either a facial attack to the allegations of the complaint or a factual attack.  *Osborn v. United States*, 918 F.2d 724, 729 n. 6 (8th Cir. 1990).   Where there is a facial attack, the court must look to the factual allegations of the Complaint.  *Groundhog v. Keller*, 442 F.2d 674, 677 (10th Cir. 1971).   In a factual attack, the court may consider matters outside the pleadings, and the motion is not converted to a motion for summary judgment.  *Id.*; *Cizek v. United States*, 953 F.2d 1232, 1233 (10th Cir. 1992).

In his objection, Petitioner cites numerous federal tax statutes, arguing that the United States failed to comply with proscribed tax assessment procedures.   Petitioner also claims that IRS personnel lacked authority to issue and serve the IRS Summons. As set forth in more detail in the Recommendation, Petitioner mistakenly argues that 26 U.S.C. § 7608 confers the only authority for IRS personnel to serve summonses. Based on these objections, Petitioner seems to contend that the tax assessments issued against him are legally deficient, thus, he should have been given notice of the Summons and is entitled to file the instant Petition to Quash.   I overrule Petitioner's objections.

Under 26 U.S.C. § 7609(b), the rights to intervene and challenge a third-party IRS summons are to be narrowly construed.   The statute provides that a person has the right to bring a proceeding to quash a summons only if he or she is entitled to notice. § 7609(b).   Here, however, since the Summons was issued as part of the collection process for assessed income tax liabilities, Petitioner is not entitled to notice of the

Summons pursuant to § 7602(c)(2).[1]  26 U.S.C. § 7609(c)(2); see *Davidson v. United States*, 149 F.3d 1190, at *1 (10th Cir. 1998) ("if a summons is issued in aid of collection, no notice is required, and the district court does not have subject matter jurisdiction over a petition to quash the summons.").

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record.   I find that Magistrate Judge Shaffer's Recommendation is thorough, well reasoned and sound.   I agree with Magistrate Judge Shaffer that the United States' motion to dismiss should be granted for the reasons stated in both the Recommendation and this Order.   Finally, I see no need for oral argument on this issue and deny Petitioner's request for a hearing.

III.   CONCLUSION

Based on the foregoing, it is

ORDERED that the Recommendation of United States Magistrate Judge (ECF No. 13) is **AFFIRMED AND ADOPTED**.   In accordance therewith, the United States' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (ECF No. 5) is **GRANTED**, and the Motion for Hearing (ECF No. 17) is **DENIED.**   It is

FURTHER ORDERED that this matter is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

---

[1] As Magistrate Judge Schaffer correctly found in his Recommendation, § 7602 gave the IRS officers the legal authority to issue the Summons.   Likewise, §7603 gave the IRS officers the authority to serve the Summons.

Dated:   December 17, 2012

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge